JR
                   **IN THE UNITED STATES BANKRUPTCY COURT**
                      **FOR THE MIDDLE DISTRICT OF TENNESSEE**

IN RE:                                          CASE **14-03939-RM1-13**
DORETHA SHANTAE MCCLAIN                         JUDGE RANDAL S MASHBURN
919 WOLDRIDGE DR                                6/20/2014
COLUMBIA, TN 38401

SSN XXX-XX-7567

---

### NOTICE OF CONFIRMATION AND PLAN TERMS

---

ON **06/19/2014** the debtor(s) Chapter 13 plan, as amended, was confirmed by order of **JUDGE RANDAL S MASHBURN.** This order provides an extension of the finality date to provide all parties in interest the opportunity to review the plan or its terms and seek relief from its term pursuant to Rule 9023, Federal Rules Bankruptcy. Any application for relief under Rule 9023 must be filed with the court on or before **07/14/2014**. Thereafter, the confirmed plan will be deemed final and binding on all parties pursuant to 11 U.S.C. §1327.

**D. MCCLAIN** to pay **$242.25 BI-WEEKLY**

to the Trustee who shall disburse funds pursuant to the terms of the confirmed plan.

To the debtor's attorney, **JAMES FLEXER**, the sum of **$3,520.00** **to be paid at $100.00 per month.**

Total fee awarded is **$3,520.00** .

To the Court Clerk the sum of **$235.00** and **$46.00** for filing and noticing fees.

---

The court has fixed a value on the collateral held by all secured creditors, which value shall be deemed the extent of the secured claim. Such creditors shall retain the lien on their collateral and shall be treated as follows:

| Creditor Name | Value | Interest | Monthly Payment |
|---|---|---|---|
| **INLAND BANK/INSOLVE AUTO FUNDING** | **$10,862.00** | **22.00%** | **$300.00** |
| *REPLACEMENT VEHICLE* | | | |

The Trustee will calculate post petition interest due, if any, on these claims as fixed by the plan, and will pay such interest along with the principal.

---

To creditors holding claims secured by a purchase money security interest in a motor vehicle incurred within 910 days preceding the petition or secured by a purchase money security interest in any other thing of value incurred in the 1 year period preceding the filing as follows:

| Creditor/Collateral | Interest | Principal Amt To Be Pd | Month |
|---|---|---|---|
| * **W S BADCOCK CORPORATION** | **4.75%** | **$3,158.08** | **$60.00** |
| *(APPLIANCES)* | | | |

The Trustee is authorized to pay any post petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

As of the date of this notice, the following notice of post petition fees, expenses, and charges has been filed:

| Creditor Name | Claim Amount | Monthly Payment |
|---|---|---|

--------------- **NONE** ---------------

Case 1:14-bk-03939   Doc 23   Filed 06/20/14   Entered 06/20/14 15:45:46   Desc Main
                                       Document      Page 1 of 3

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
The plan treats some unsecured claims differently than others. The following claims to unsecured claimholders, in classes and paid in classes, sequentially as shown below:

| Class | Creditor Name | Interest | Dividend | Claim |
|---|---|---|---|---|

--------------- **NONE** ---------------
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
The plan establishes a minimum dividend to general unsecured creditors, with timely claims but may establish a dividend to some creditors that differ from others. The following claims will be paid in the general unsecured class:

| | Creditor Name | Interest | Dividend | Claim | Account |
|---|---|---|---|---|---|
| | CAPITAL BANK 559 | 0.00% | 20.00% | $0.00 | xxxxxxxx7974 |
| | CHARTER COMMUNICATIONS | 0.00% | 20.00% | $0.00 | xxxxxxxx7106 |
| * | CHARTER COMMUNICATIONS | 0.00% | 20.00% | $178.58 | xxxxxxxx4122 |
| | COLUMBIA POWER WATER SYSTEMS | 0.00% | 20.00% | $0.00 | xxxxxxxx5757 |
| * | CREDIT MANAGEMENT | 0.00% | 20.00% | $450.86 | xxxxxxxx3806 |
| | FED LOAN SERV | 0.00% | 20.00% | $0.00 | xxxxxxxx0002 |
| | FED LOAN SERV | 0.00% | 20.00% | $0.00 | xxxxxxxx0001 |
| | FED LOAN SERV | 0.00% | 20.00% | $0.00 | xxxxxxxx0003 |
| * | REGIONAL MANAGEMENT CORPORATION | 0.00% | 20.00% | $322.51 | xxxxxxxx3490 |
| * | SE EMERGENCY PHYSICIANS | 0.00% | 20.00% | $559.00 | xxxxxxxx5856 |
| | SECURITY FINANCE | 0.00% | 20.00% | $0.00 | xxxxxxxx0744 |
| * | SOUTHERN RADIOLOGY ASSOC | 0.00% | 20.00% | $181.00 | xxxxxxxx2183 |
| * | STATE FINANCE OF COLUMBIA | 0.00% | 20.00% | $209.25 | xxxxxxxx7567 |
| * | WORLD ACCEPTANCE CORPORATION | 0.00% | 20.00% | $426.00 | xxxxxxxx6889 |

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
The following parties will receive future notices, but no distribution will be made to them under the confirmed plan:

**SOUTHERN RADIOLOGY ASSOC**    **SOUTHERN RADIOLOGY ASSOC**    **CITY OF COLUMBIA**

**APPELLATE COURT CLERKS OFFIC**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
The plan surrenders the debtors interest in collateral to the creditors listed below. The automatic stay has been lifted to allow these creditors to repossess the collateral upon which they have liens. Unless the order confirming provides otherwise, no disbursements will be made on any deficiency to these creditors unless and until deficiency claims are filed. Creditors unable or unwilling to repossess such collateral should advise the trustee to treat the entire claim as unsecured.

**Surrender the collateral to creditor FRITTS AUTO.     (00 DODGE CARAVAN)**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
The debtor shall be responsible for paying the following claims in accordance with the underlying agreement:
  Creditor

  **ELIZABETH DOWNEY                              (RESIDENTIAL)**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
  **STATE FINANCE OF COLUMBIA treated unsecured and liens avoided per 522(f). (VOID LIEN)**
  **WORLD ACCEPTANCE CORPORATION treated unsecured and liens avoided per 522(f). (VOID LIEN)**

  INLAND BANK/INSOLVE AUTO FUNDING, LLC shall be paid by the Trustee pursuant to
  Paragraph 4.d.ii of 4.d.iv above, prior to all other secured claims. Debtor shall
  obtain and maintain full coverage insurance on the vehicle and list INLAND
  BANK/INSOLVE AUTO FUNDING, LLC as the loss payee. Debtor acknowledge that this is a
  claim for post-petition financing under 11 U.S.C. § 1305(a)(2) and will not be
  subject to discharge. Should the debtor default in payments to the Trustee or there
  is a lapse in insurance, INLAND BANK/INSOLVE AUTO FUNDING, LLC or their assignee
  shall notify Debtor and Debtor's Counsel of the default. If the default is not cured
  within ten (10) days of such notice, INLAND BANK/INSOLVE AUTO FUNDING, LLC shall have
  relief from the automatic stay of 11 U.S.C. § 362(a) without a further hearing, upon
  the filing of notice of default.

Generally, any claim, proof of which is not filed before **09/14/2014**, shall be disallowed. Claims of government units, proofs of which are not filed before **11/12/2014**, shall be disallowed. Scheduled claims, proofs of which are not filed, or which claims are disallowed are subject to being discharged if the debtor(s) complete the plan, except as specifically provided by law.

The court has found that the Debtor has complied with the requirements of §521(a)(1)(B) and the case is not dismissed pursuant to §521(i).

Unsecured creditors shall receive their prorata portion of the Unsecured Pool that remains after satisfaction of all allowed priority and administrative claims, not to be less than **20.000%** of such claims.

The unsecured pool shall be increased by the "base" amount not needed to satisfy allowed secured, priority, and administrative claims (including the trustee's commission).

The plan establishes a minimum pool of funds to be paid to all unsecured creditors called the "unsecured pool". Nonpriority unsecured creditors holding allowed claims shall receive a pro rata share of the unsecured pool after allowed unsecured priority and administrative claims have been satisfied. The plan establishes the Unsecured Pool at **N/A**.

The plan sets a minimum pool of funds to be paid to the Trustee by the debtor(s) called a base. The debtor(s) must pay this base or allowed claims in full before a discharge may be entered. The base is fixed at **$31,450.00**.

Please note that this Notice is only a summary of the plan as confirmed by the Court. You are cautioned to review the Court's order approving the plan, available on PACER at http://ecf.tnmb.uscourts.gov.

**/s/HENRY E HILDEBRAND, III**
CHAPTER 13 TRUSTEE
P O BOX 340019
NASHVILLE, TN  37203
PHONE:  615-244-1101
FAX:  615-242-3241
pleadings@ch13nsh.com

**\*** An asterisk denotes that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless an allowed proof of claim is filed.